THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DAVID OVERTURF, Defendant-Appellee.

Third District No. 78-4

Opinion filed January 10, 1979.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

In a proceeding charging the defendant, David Overturf, with armed robbery, the defendant moved to suppress evidence of his confession which motion was granted by the circuit court of Peoria County. The State has appealed.

The only question raised on this appeal is the State's assertion that the trial court improperly granted the defendant's suppression motion. We affirm.

At the outset we note the State has set forth the facts of the robbery, which facts were recited in the victim's affidavit. Such an affidavit is not part of the record upon which the trial court based its judgment and in fact the trial court rejected the effort of the State to present for its consideration the details of the robbery from the victim's affidavit. We believe the court acted properly in not considering the details of the

robbery, and we are also of the opinion that these facts should not have been included in the brief filed by the State. In fact the State seems to argue, and, we believe erroneously, that in some manner these hearsay facts are relevant to our decision in this case, an argument which we reject.

The evidence presented at the hearing on the defendant's suppression motion is the evidence relevant to the trial court's decision and to our review of the trial court's decision on this appeal.

From the evidence presented at the hearing on the suppression motion, it appears defendant was arrested sometime prior to June 13, 1977, for the burglary of the Illinois Spring Corporation. On that date the defendant was interviewed by Officer Hunt who was in charge of the burglary detail. During the first part of the interview, Hunt indicated to defendant that he could not offer leniency with reference to the Illinois Spring Corporation burglary. After a brief recess, during which time Hunt talked with Sergeant Wilson and an assistant State's attorney, he returned and told the defendant the State would recommend a sentence of one to three years in the penitentiary in return for his guilty plea to the Illinois Spring Corporation burglary charge and his help in clearing up other burglaries in which the defendant might have been involved or about which the defendant might know. Hunt, in his testimony, believed that he had used the term "other burglaries," but on cross-examination, he indicated that he might have referred to other crimes.

On June 18, 1977, defendant was again interviewed by Officer Hunt. During the interview, he confessed to the robbery of an employee of a Denny's Restaurant which had occurred some 1½ years earlier. (This is the robbery involved in the instant case.) According to Hunt, he advised the defendant that the robbery was not included in the bargain although, even according to Hunt, defendant was told that any jail time would run concurrently with the burglary sentence. According to the defendant, he believed his confession of the Denny's robbery was part of the co-operation bargain that the State had offered.

It is undisputed the defendant was advised of his constitutional rights and knowingly and voluntarily waived them. It was also stipulated the defendant was not intoxicated or under the influence of drugs at the times of the questioning. On August 30, 1977, defendant was indicted for the armed robbery of a Denny's Restaurant employee. Thereafter he filed his motion to suppress the evidence of his confession. After a hearing on the motion, the trial court granted the motion and ordered evidence of the confession suppressed. On this appeal the State argues the court acted improperly in finding the defendant's confession was induced by promises of leniency and therefore involuntary.

Where, as in this case, the defendant seeks to suppress evidence of a statement or confession, the general rule is that voluntariness will be determined by considering the surrounding circumstances as a whole. Contrary to the State's argument, the advice to a defendant of his constitutional rights and the defendant's waiver does not necessarily answer the question whether the statement is voluntary. (*People v. Ruegger* (1975), 32 Ill. App. 3d 765, 336 N.E.2d 50.) If the defendant was not advised of his constitutional rights or did not waive them, the statement is per se involuntary.

It is a well-settled rule that even where constitutional rights have been waived, promises of leniency which induce defendant to make a statement or confession may well render such statement or confession involuntary. (*People v. Jones* (1972), 8 Ill. App. 3d 849, 291 N.E.2d 305, and *People v. Ruegger* (1975), 32 Ill. App. 3d 765, 336 N.E.2d 50.) In *Jones,* the court held evidence of the defendant's confession was properly suppressed when it appeared that he had been promised a recommendation for probation if the statement was made. In *Ruegger,* the officer persuaded the defendant to make a statement on general promises of leniency and assistance such as the officer would "go to bat" for the defendant.

From the record it is undisputed that bargaining did occur between a police officer and the defendant with the knowledge of an assistant state's attorney. It is also undisputed that in return for something from the defendant, the State would recommend a sentence of from one to three years if the defendant pleaded guilty to a particular burglary. It should be noted that bargaining for the purpose of inducing a plea of guilty is on a different basis and unrelated to promises of leniency designed to induce a statement or confession. In view of the absence of any assertion to the contrary, we assume the defendant did plead guilty to the burglary and received the recommended sentence.

The State, however, argues that the promise of leniency by way of a lower sentence applied in return for the defendant's cooperation in clearing up other burglaries generally, but not robberies. However, we agree with the trial court and its holding the defendant may well have reasonably believed that the promise applied generally to criminal offenses or that the defendant was confused in believing the bargain extended to the offense charged. The robbery for which the defendant stands charged occurred over a year prior to his admission of its commission, and the record fails to demonstrate any reason for making the confession at the time except in the belief and reliance on the bargain which he thought was applicable. Under these circumstances, we are unable to agree with the assertion of the State that the court's determination is against the manifest weight of the evidence.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL and SCOTT, JJ., concur.